**WEILAND GOLDEN GOODRICH LLP**
Jeffrey I. Golden, State Bar No. 133040
jgolden@wgllp.com
Reem J. Bello, State Bar No. 198840
rbello@wgllp.com
Ryan W. Beall, State Bar No. 313774
rbeall@wgllp.com
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Counsel for Chapter 7 Trustee
Weneta M.A. Kosmala

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>CHRISTINA STOLZE LOPEZ<br><br>　　　　Debtor. | Case No. 8:19-bk-12736-TA<br><br>Chapter 7<br><br>Adv. No. |
| WENETA M.A. KOSMALA, Chapter 7 Trustee for the estate of CHRISTINA STOLZE LOPEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DARIO LOPEZ,<br><br>　　　　Defendant. | **COMPLAINT FOR JUDGMENT:**<br>**(1) AVOIDING FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. § 548(a)(1)(A);**<br>**(2) AVOIDING FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. § 548(a)(1)(B);**<br>**(3) RECOVERY OF FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. § 550;**<br>**(4) PRESERVING FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. § 551;**<br>**(5) FOR IMPOSITION OF RESULTING TRUST;**<br>**(6) FOR DECLARATORY RELIEF;**<br>**(7) TURNOVER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. § 542(a); AND**<br>**(8) FOR AUTHORIZATION TO SELL REAL PROPERTY IN WHICH CO-OWNER HOLDS INTEREST PURSUANT TO 11 U.S.C. § 363(h)** |

1272371.1                                                                                                              COMPLAINT

Main Document    Page 2 of 14

**TO THE DEFENDANT AND ITS COUNSEL:**

Weneta M.A. Kosmala, the duly appointed and acting chapter 7 trustee ("Trustee" or "Plaintiff") for the estate ("Estate") of Christina Stolze Lopez ("Debtor"), hereby files this Complaint for Judgment: (1) Avoiding Fraudulent Transfer Pursuant to 11 U.S.C. § 548(a)(1)(A); (2) Avoiding Fraudulent Transfer Pursuant to 11 U.S.C. § 548(a)(1)(B); (3) Recovery of Fraudulent Transfer Pursuant to 11 U.S.C. § 550; (4) Preserving the Transfer Pursuant to 11 U.S.C. § 551; (5) For Imposition of Resulting Trust; (6) for Declaratory Relief; (7) for Turnover of Property of the Estate Pursuant to 11 U.S.C. § 542(a); and (8) For Authorization to Sell Real Property in Which Co-Owner Holds Interest Pursuant to 11 U.S.C. § 363(h) ("Complaint"), against Dario Lopez ("Defendant") and alleges as follows:

## STATEMENT OF JURISDICTION AND VENUE

1. The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. 105, 548, 550, and 551. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (H), and (O). Regardless of whether this is a core proceeding, the Plaintiff consents to the entry of a final order and judgment by the Bankruptcy Court.

2. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a).

3. This adversary proceeding arises out of and relates to the bankruptcy case of Christina Stolze Lopez, a chapter 7 bankruptcy case bearing case number 8:19-bk-12736-TA, currently pending in the United States Bankruptcy Court, Central District of California.

## PARTIES

4. The Plaintiff is the duly appointed, qualified, and acting chapter 7 trustee of the Debtor's Estate. The Plaintiff brings this action solely in her capacity as the chapter 7 trustee.

5. The Plaintiff is informed and believes, and based thereon alleges, that Defendant Dario Lopez is an individual residing at 1606 Lake Ellen Dr., Fullerton, California ("Property").

6. The Plaintiff is informed and believes, and based thereon alleges, that Defendant is the former spouse of the Debtor.

## GENERAL ALLEGATIONS

7. The Plaintiff is informed and believes, and based thereon alleges, that the Debtor filed a voluntary chapter 7 case on July 15, 2019 ("Petition Date").

8. The Plaintiff is informed and believes, and based thereon alleges, that Defendant and Debtor were married, and obtained a dissolution judgment on April 19, 2017.

9. The Plaintiff is informed and believes, and based thereon alleges, that the Defendant and the Debtor purchased the Property together and took the Property as joint tenants on or approximately December 9, 2005.

10. The Plaintiff is informed and believes, and based thereon alleges, that Debtor transferred the Property to Defendant on February 28, 2019 ("Transfer").

11. The Plaintiff is informed and believes, and based thereon alleges, that the Transfer was made for little or no consideration.

## FIRST CLAIM FOR RELIEF

**(For Avoidance of Transfer Under 11 U.S.C. § 548(a)(1)(A))**

12. The Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 11, inclusive, of this Complaint as though set forth in full.

13. The Plaintiff is informed and believes, and based thereon alleges, that the Debtor transferred an interest of the Debtor in the Property by way of the Transfer.

14. The Plaintiff is informed and believes, and based thereon alleges, that the Transfer occurred during the two-year period immediately preceding the Petition Date.

15. The Plaintiff is informed and believes, and based thereon alleges, that the Transfer was made with the actual intent to hinder, delay or defraud an existing or future creditor of the Debtor.

16. The Plaintiff is informed and believes, and based thereon alleges, that creditors existed at the time of the Transfer that remained unpaid as of the Petition Date.

17. The Plaintiff is informed and believes, and based thereon alleges, that the Debtor made the Transfer to or for the benefit of the Defendant.

18. The Plaintiff is informed and believes, and based thereon alleges, that Debtor received inadequate consideration from Defendant for the Transfer.

19. The Plaintiff is informed and believes, and based thereon alleges, that Debtor was insolvent at the time of the Transfer and/or was rendered insolvent by virtue of the Transfer.

20. The Plaintiff is informed and believes, and based thereon alleges, that Defendant did not take the Transfer in good faith.

21. The Plaintiff is informed and believes, and based thereon alleges, that the Defendant is an insider of the Debtor.

22. By reason of the foregoing, the Transfer is avoidable and the Plaintiff is entitled to set aside the Transfer pursuant to 11 U.S.C. § 548(a)(1)(A).

## SECOND CLAIM FOR RELIEF

**(For Avoidance of Transfer Under 11 U.S.C. § 548(a)(1)(B))**

23. The Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 22, inclusive, of this Complaint as though set forth in full.

24. The Plaintiff is informed and believes, and based thereon alleges, that the Transfer occurred within two (2) years of the Petition Date.

25. The Plaintiff is informed and believes, and based thereon alleges, that the Transfer was made on behalf of the Defendant, and for the benefit of the Defendant, who did not provide the Debtor with reasonably equivalent value in exchange for the Transfer.

26. The Plaintiff is informed and believes, and based thereon alleges, that the Debtor was insolvent at the time of the Transfer or became insolvent as a result of the Transfer.

27. The Plaintiff is informed and believes, and based thereon alleges, that the Transfer was made for the benefit of Defendant, an insider of the Debtor.

28. The Plaintiff is informed and believes, and based thereon alleges, that Defendant did not take the Transfer in good faith.

29. The Plaintiff is informed and believes, and based thereon alleges, that the Defendant is an insider of the Debtor.

30. By reason of the foregoing, the Transfer is avoidable and the Plaintiff is entitled to set aside the Transfer pursuant to 11 U.S.C. § 548(a)(1)(B).

## THIRD CLAIM FOR RELIEF

### (For Recovery of Avoided Transfer Under 11 U.S.C. § 550)

31. The Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 30, inclusive, of this Complaint as though set forth in full.

32. The Plaintiff is informed and believes, and based thereon alleges, that the Transfer occurred within two (2) years of the Petition Date.

33. The Plaintiff is informed and believes, and based thereon alleges, that the Transfer is a transfer that should be avoided pursuant to 11 U.S.C. § 548 and, based thereon, the Plaintiff is entitled to avoid the Transfer.

34. The Plaintiff is informed and believes, and based thereon alleges, that Defendant is the initial transferee of the Transfers within the meaning of 11 U.S.C. § 550, or an intermediate or mediate transferee of the initial transferee.

35. The Plaintiff is entitled to judgment for the recovery of the value of Debtor's interest in the Property, including any increase in the value of the assets since the date of the Transfer, together with interest at the applicable rate from the date of the Transfer, for the benefit of the Estate.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

## FOURTH CLAIM FOR RELIEF

**(For Preservation of Transfer Avoided Under 11 U.S.C. § 551)**

36. The Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 35, inclusive, of this Complaint as though set forth in full.

37. The Plaintiff is entitled to an order and/or judgment preserving, for the benefit of the estate, the Transfer once avoided.

## FIFTH CLAIM FOR RELIEF

**(For Imposition of Resulting Trust)**

38. The Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 37, inclusive, of this Complaint as though set forth in full.

39. The Plaintiff is informed and believes, and based thereon alleges, that at the time of the Transfer, Debtor and Defendant agreed that Defendant would hold bare legal title to the Property for the benefit of Debtor and Debtor would retain her beneficial interest in the Property.

40. The Plaintiff is informed and believes, and based thereon alleges, that the Transfer occurred for the purpose of protecting and hiding the Property so that no creditor could recover from it.

41. The Plaintiff is informed and believes, and based thereon alleges, that the Transfer occurred between Debtor and her ex-spouse, Defendant Dario Lopez.

42. The Plaintiff is informed and believes, and based thereon alleges, that the Transfers were made to Defendant from Debtor for no consideration.

43. The Plaintiff is informed and believes, and based thereon alleges, that Debtor continues to exercise control over the Property.

44. The Plaintiff is informed and believes, and based thereon alleges, that either directly or through the subterfuge as "rent," or both, Debtor has continuously paid the mortgage, taxes and maintenance expenses for the Property.

45. In bringing this proceeding, the Plaintiff demands Defendant reconvey the interest in the Property he received from Debtor under the Transfer back to the Debtor.

46. The Plaintiff is informed and believes, and based thereon alleges, that at no point prior to the initiation of this proceeding did Debtor demand Defendant reconvey the interest in the Property he received from Debtor under the Transfer back to Debtor.

47. By reason of the foregoing, the Plaintiff is entitled to the imposition of a resulting trust on the Property and an order declaring title in the Property to be in the name of Debtor and Defendant as joint tenants and, as a result, property of the Debtor's bankruptcy estate.

## SIXTH CLAIM FOR RELIEF

### (For Declaratory Relief)

48. The Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 47, inclusive, of this Complaint as though set forth in full.

49. The Plaintiff is informed, believes, and based thereon alleges, that the Property is property of the Estate and Plaintiff seeks a declaration of rights that the Property is property of the Estate.

50. California Family Code § 760 sets forth an evidentiary presumption that property acquired by a spouse during the marriage is deemed to be community property. *In re Marriage of Valli*, 58 Cal. 4th 1396, 1400 (Cal. May 15, 2014); *In re Summer*, 332 F.3d 1240, 1242-1243 (9th Cir. 2003), citing, *In re Marriage of Haines*, 33 Cal.App.4th 277, 289-290 (1995).

51. The community property presumption under California law can be rebutted if the property's acquisition is (1) traceable to a separate property source, (2) acquired by gift or bequest, or (3) earned or accumulated while the spouses are living separate and apart. *Valli* at 1400, citing, inter alia, *In re Marriage of Lucas*, 27 Cal.3d 808, 815 (1980) and California Family Code §§ 770 and 771.

52. Under California Family Code 852(a), "[a] transmutation of real or personal property is not valid unless made in writing by an express declaration that is made, joined in, consented to, or accepted by the non-debtor spouse whose interest in the property is adversely affected." California Family Code § 852(a).

53. The general evidentiary presumption of California Evidence Code § 662 that record title indicates full beneficial ownership does not apply where it conflicts with the transmutation statute in California Family Code § 852(a). *Valli* at 1405-06; *In re Brace*, 566 B.R. 13 (9th Cir. B.A.P. 2017).

54. Under California Family Code § 910(a), "the community estate is liable for a debt incurred by either spouse before or during marriage, regardless of which spouse has the management and control of the property and regardless of whether one or both spouses are parties to the debt or to a judgment for the debt." California Family Code § 910(a). Therefore, any community property of the Debtor and Defendant is liable for the debt of either spouse.

55. The Plaintiff is informed, believes, and alleges that the Property was community property of the Debtor and Defendant before the Transfer occurred.

56. The Plaintiff is informed, believes, and alleges that there is no written agreement made, joined in, consented to, or accepted by the Debtor to transmute the Property from community property of the Debtor and Defendant to separate property of Defendant prior to the Transfer.

57. The Plaintiff is informed, believes, and alleges that any interest recovered by the Estate from the Trust is an interest held as community property of the Debtor and Defendant.

58. As a result of the foregoing controversies and disputes, a judicial declaration of one or more of the following is necessary and appropriate: (a) the Property was community property of the Debtor and Defendant before the Transfer, (b) any interest recovered by the Estate from the Trust is an interest held as community property of the Debtor and Defendant, (c) any community property of the Debtor and Defendant is liable

for the debt of either spouse, and (d) any interest recovered by the Estate from the Trust is property of the Estate.

### SEVENTH CLAIM FOR RELIEF

**(For Turnover of Property of the Estate Pursuant to 11 U.S.C. § 542)**

59. The Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 58, inclusive, of this Complaint as though set forth in full.

60. The Plaintiff is informed and believes, and based thereon alleges, that on the Petition Date, Debtor had a legal and/or equitable interest in the Property that was the subject of the Transfer and the Property was property of the Estate that Plaintiff has standing to administer for the benefit of Debtor's creditors.

61. The Plaintiff is informed and believes, and based thereon alleges, that Defendant is on title on the Property and is in possession of the Property.

62. The Plaintiff is informed and believes, and based thereon alleges, that the Property is community property of the Debtor and the Defendant.

63. Pursuant to 11 U.S.C. § 542(a), Plaintiff seeks an order compelling the turnover of the Property or its value from Defendant for the benefit of the Estate so that it can be administered for the benefit of the Debtor's creditors.

### EIGHTH CLAIM FOR RELIEF

**(For Authorization to Sell the Estate's Interest and the Interest of Defendant in the Property Pursuant to 11 U.S.C. § 363(h))**

64. The Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 63, inclusive, of this Complaint as though set forth in full.

65. The Plaintiff is informed and believes, and based thereon alleges, that, if the Court does not find that the Property is community property of the Debtor and the Defendant, the Plaintiff has the authority to sell the Property pursuant to 11 U.S.C.

§ 363(h) in order to recover the Debtor's interest in the Property for the benefit of the Estate.

66. The Plaintiff is informed and believes, and based thereon alleges, that partition in kind of the Property among the Estate and Defendant is impracticable.

67. The Plaintiff is informed and believes, and based thereon alleges, that the sale of the Estate's undivided interest in the Property would realize significantly less for the Estate than the sale of the Property free of the interests of Defendant.

68. The Plaintiff is informed and believes, and based thereon alleges, that the benefit to the Estate of a sale of the Property free of the interests of Defendant outweighs the detriment, if any, to Defendant.

69. The Plaintiff is informed and believes, and based thereon alleges, that the Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

70. For the aforementioned reasons, Plaintiff may sell both the Estate's interest, under 11 U.S.C. § 363(b), and the interests of Defendant in the Property pursuant to 11 U.S.C. § 363(h).

**Wherefore**, Plaintiff respectfully prays for judgment as follows:

**ON THE FIRST CLAIM FOR RELIEF:**

1. That the Transfer be avoided and/or providing any other remedy available under applicable law;

**ON THE SECOND CLAIM FOR RELIEF:**

2. That the Transfer be avoided and/or providing any other remedy available under applicable law;

**ON THE THIRD CLAIM FOR RELIEF:**

3. For the recovery of the Debtor's interest in the Property, or the value thereof, including any increase in the value of the assets since the date of the Transfer, with interest at the applicable rate from the date of the Transfer, for the benefit of the Estate;

**ON THE FOURTH CLAIM FOR RELIEF:**

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

4. Preserving, for the benefit of the estate, the Debtor's interest in the Property once the Transfer is avoided.

**ON THE FIFTH CLAIM FOR RELIEF:**

5. For judgment imposing a resulting trust on the Property and an order declaring title in the Property to be in the name of the Trustee for the benefit of the Estate and Defendant jointly.

**ON THE SIXTH CLAIM FOR RELIEF:**

6. For judgment that a) the Property was community property of the Debtor and Defendant before the Transfer, (b) any interest recovered by the Estate from the Trust is an interest held as community property of the Debtor and Defendant, (c) any community property of the Debtor and Defendant is liable for the debt of either spouse, and (d) any interest recovered by the Estate from the Trust is property of the Estate

**ON THE SEVENTH CLAIM FOR RELIEF:**

7. For judgment requiring that the Property be turned over to the Plaintiff for the benefit of the Estate pursuant to 11 U.S.C. § 542.

**ON THE EIGHTH CLAIM FOR RELIEF:**

8. In the alternative, for judgment that Plaintiff may sell both the Estate's interest, pursuant to 11 U.S.C. § 363(b), and the interests of Defendant, pursuant to 11 U.S.C. § 363(h), in the Property.

**ON ALL CLAIMS FOR RELIEF:**

9. For costs of suit incurred herein, including, without limitation, attorney's fees; and

10. For such other and further relief as is just and proper.

Respectfully submitted,

Dated: August 4, 2020    WEILAND GOLDEN GOODRICH LLP

By: /r/ *Jeffrey I. Golden*
JEFFREY I. GOLDEN
REEM J. BELLO
RYAN W. BEALL
Attorneys for Plaintiff

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1272371.1    12    COMPLAINT

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Weneta M.A. Kosmala, Chapter 7 Trustee for the estate of Christina Stolze Lopez | **DEFENDANTS**<br>Dario Lopez |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Weiland Golden Goodrich LLP<br>650 Town Center Drive Suite 600<br>Costa Mesa, CA 92626 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint For Judgment: (1) Avoiding Fraudulent Transfer Pursuant To 11 U.S.C. § 548(A)(1)(A); (2) Avoiding Fraudulent Transfer Pursuant To 11 U.S.C. § 548(A)(1)(B); (3) Recovery Of Fraudulent Transfer Pursuant To 11 U.S.C. § 550; (4) Preserving Fraudulent Transfer Pursuant To 11 U.S.C. § 551; (5) For Imposition Of Resulting Trust; (6) For Declaratory Relief; (7) Turnover Of Property Of The Estate Pursuant To 11 U.S.C. § 542(A); And (8) For Authorization To Sell Real Property In Which Co-Owner Holds Interest Pursuant To 11 U.S.C. § 363(H)

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

**B1040 (FORM 1040) (12/15)**

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | |
|---|---|---|
| NAME OF DEBTOR<br>Christina Stolze Lopez | BANKRUPTCY CASE NO.<br>8:19-bk-12736-TA | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District, Santa Ana Division | DIVISION OFFICE<br>Santa Ana | NAME OF JUDGE<br>T. Albert |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Jeffrey I. Golden | | |
| DATE<br>08/04/2020 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Jeffrey I. Golden | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.